**IN THE COURT OF APPEALS OF IOWA**

No. 17-1792
Filed January 24, 2018

**IN THE INTEREST OF K.M.,**
**Minor Child,**

**A.B., Mother,**
　　　　Appellant.

_____

　　　　Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

　　　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　　　Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

　　　　Meret Thali of the Juvenile Law Center, Sioux City, guardian ad litem for minor child.

　　　　Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2012. She contends the record does not support the grounds for termination cited by the district court.

The district court terminated the mother's parental rights pursuant to several statutory grounds. We may affirm if we find clear and convincing evidence to support any of the cited grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are persuaded termination was warranted under Iowa Code section 232.116(1)(e) (2017), which requires the State to prove the following:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.

The provision states:

> "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3).

The department of human services became involved with the family around Thanksgiving of 2016, after receiving a complaint that the mother left her child unattended. A department caseworker interviewed the child. She stated her mother and her mother's boyfriend spent time in the garage, she was not allowed to go there, and she was left alone and scared inside the house.

The department caseworker went to the home with a law enforcement officer, who suspected the residents were using illegal drugs. The mother denied drug use and instructed the law enforcement officer to leave if he did not have a search warrant.

A search warrant was obtained. The mother's boyfriend admitted to recent methamphetamine use. Although methamphetamine was not found inside, there was no food in the refrigerator or freezer and limited staples in the cupboards. The child's grandmother informed the department utilities in the home were disconnected for nonpayment, she paid to have them reconnected, and she also purchased milk and cereal and opened the packaging to make it accessible to the child without further adult assistance.

The State applied to have the child temporarily removed from the home. The district court granted the application "to avoid imminent danger to the child's health or life." The child was transferred to the department's custody and was placed in her father's home, where she remained for the balance of the proceedings.

The department concluded its child abuse investigation and issued a founded report for "denial of critical care—failure to provide proper supervision."

The district court adjudicated the child in need of assistance and ordered custody to remain with the department for relative or other placement.

The mother acknowledged the department's efforts to contact her about participation in reunification services. She left a message expressing a willingness to provide a urine sample for drug testing but, when testing was offered, she declined. Additional drug-testing attempts were made, to no avail.

The department sent a letter to the mother and her attorney outlining the agency's continued recommendation for services. The mother remained recalcitrant. She failed to attend a scheduled appointment for a social investigation and refused to answer her door when department employees visited. Although she testified to unsuccessful attempts at electronic contact with the father, she made no effort to follow through with the prerequisites to obtaining supervised visits with the child.

Six months after the department intervened, the district court granted the guardian ad litem's request for a finding of aggravated circumstances. The court ordered the termination of the department's obligation to make reasonable efforts toward reunification after finding the mother "completely abdicated her parental responsibilities as to [the child] and . . . abandoned her." *See id.* § 232.102(14)(a).[1]

In total, the mother had no in-person or telephone contact with the child for eleven months. We conclude the State proved the absence of significant and

---

[1] The provision states in pertinent part:

> If the court determines by clear and convincing evidence that aggravated circumstances exist, with written findings of fact based upon evidence in the record, the court may waive the requirement for making reasonable efforts. The existence of aggravated circumstances is indicated by any of the following:
> a. The parent has abandoned the child.

meaningful contact with the child. We affirm the termination of the mother's parental rights to the child under Iowa Code section 232.116(1)(e).

**AFFIRMED.**